**IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| **ERIC LYONS,** | : |
| | : |
|       **Plaintiff,** | :   **CIVIL NO. 3:CV-07-444** |
| | : |
|       **vs.** | :   **(JUDGE VANASKIE)** |
| | : |
| **JEFFREY BEARD, et al.,** | : |
| | : |
|       **Defendants.** | : |

**M E M O R A N D U M**

**I.    Background**

Eric Lyons filed this civil rights action pursuant to 42 U.S.C. § 1983 on March 8, 2007. He is currently an inmate confined at the State Correctional Institution at Fayette (SCI-Fayette), Pennsylvania.  Named as Defendants are Jeffrey Beard and Donald Vaughn, two officials employed with the Pennsylvania Department of Corrections.  Also named as Defendants are fifteen (15) employees of the State Correctional Institution at Camp Hill (SCI-Camp Hill), Plaintiff's former place of incarceration, as well as Anthony Boyking, an inmate at SCI-Camp Hill.  In the complaint, Plaintiff alleges that Defendants conspired to prevent him from advancing through the Special Management Unit program at SCI-Camp Hill by convincing Defendant Boyking to attack Plaintiff, and then blaming Plaintiff for the incident.  Plaintiff further contends that Defendants failed to protect him from Boyking, and also that Boyking used excessive force

against him. There are additional claims of excessive force against the prison Defendants for assaulting Plaintiff following the fight with Boyking, failing to intervene to stop the assaults, failing to act upon Plaintiff's subsequent grievances, and violating Plaintiff's right to due process regarding the resulting misconduct proceedings.

On June 7, 2007, an Order was issued dismissing Defendant Boyking from this action and directing service of the complaint on the remaining Defendants. (Dkt. Entry 7.) Presently pending are Plaintiff's motions (1) to reinstate Defendant Boyking (Dkt. Entry 10); (2) for a temporary restraining order (Dkt. Entry 13);[1] (3) for entry of default/default judgment (Dkt. Entries 16, 17, 25 and 27); and (4) to compel service of the complaint (Dkt. Entry 22).[2] For the

---

[1] Pursuant to M.D. Pa. Local Rule 7.5, the moving party must file a brief in support of the motion within ten (10) days after the filing of the motion. Failure to do so will result in the motion being deemed withdrawn. Because Plaintiff failed to file a brief in support of his motion for a temporary restraining order (Dkt. Entry 13), the motion will be deemed withdrawn.

[2] Plaintiff filed this motion to compel service of the complaint on August 30, 2007. An Order directing the United States Marshal to serve the complaint was issued on June 7, 2007, and summons issued the following day. The docket reveals that Waivers of Service were filed with the Court on October 12, 2007, indicating that all but one Defendant, Matthew Yohn, signed the waivers on July 11, 2007, thereby requiring a response to the complaint by September 10, 2007. Clearly, in light of these facts, Plaintiff's motion to compel service of the complaint (Dkt. Entry 22) must be denied. To the extent Plaintiff argues that Defendant Yohn has not been served, Docket Entry 24 reveals that the summons was returned unexecuted as to said Defendant on October 12, 2007. It is Plaintiff's responsibility to provide the Court with further information regarding this Defendant to enable the United States Marshal to effectuate service upon him. However, the Court notes that a Notice of Appearance was filed on January 9, 2008, and it appears to be submitted on behalf of all remaining 17 Defendants, (Dkt. Entry 28), thus obviating further consideration of this issue.

2

reasons that follow, the motions will be denied.

**II.    Discussion**

    **A.    Motion to Reinstate Inmate Boyking as a Defendant**

In order to state a claim under § 1983, a plaintiff must plead two essential elements: (1) that the conduct complained of was committed by a person acting under color of state law, and (2) that said conduct deprived the plaintiff of a right, privilege, or immunity secured by the Constitution or laws of the United States.  Groman v. Township of Manalapan, 47 F.3d 628, 638 (3d Cir. 1995); Shaw by Strain v. Strackhouse, 920 F.2d 1135, 1141-42 (3d Cir. 1990).  Upon the initial screening of the complaint, inmate Boyking was dismissed as there was no indication he was acting under color of state law and, as such, was not a proper defendant.

Plaintiff has moved to reinstate Boyking as a defendant, arguing that Boyking became a state actor when he conspired with the prison Defendants to violate the Constitution and laws of the United States.  He claims that all Defendants plotted to engage Plaintiff in a fight in the exercise yard with Boyking.  (Dkt. Entry 1, Compl. at 2(g), ¶ 1.)  He claims that in his complaint he alleged that "all" Defendants acted under color of state law, and inmate Boyking is included in this allegation as he is one of the named Defendants.

It is well established that to act under "color of state law" a defendant must be "clothed with the authority of state law."  West v. Atkins, 487 U.S. 42, 49 (1988).  There is no question

3

that inmate Boyking is not "clothed with the authority of state law," as he is an inmate housed with the Pennsylvania Department of Corrections.

However, to act "under color of" state law for § 1983 purposes does not require that the defendant be an officer of the State. It is enough that he is a willful participant in joint action with the State or its agents. Private persons, jointly engaged with state officials in the challenged action, are constructively deemed to be state actors for purposes of § 1983. Dennis v. Sparks, 449 U.S. 24, 27-28 (1980).

Plaintiff maintains that the prison Defendants were engaged in a conspiracy to prevent him from advancing through the Special Management Unit program at SCI-Camp Hill. As part of the conspiracy, he contends that Defendants convinced Boyking to attack Plaintiff. It is Plaintiff's position in the pending motion that Boyking was a co-conspirator in Defendants' overall plan. Although Plaintiff alleges in conclusory fashion that Boyking was "in cahoots" and "conspired" with Defendants, the only fact alleged is that Boyking was requested by Defendants to start a fight with Plaintiff. The complaint is devoid of any facts from which it could be inferred that Boyking was privy to the underlying purpose of the alleged conspiracy or had any knowledge of the goal sought to be obtained by Defendants. Absent an averment that Boyking participated in the assault with the intent of aiding a violation of Plaintiff's rights, Boyking is not a state actor for purposes of this § 1983 action. Accordingly, the motion to reinstate Boyking will be denied.

### B.     Motions for Default

On August 2, 2007, Plaintiff filed with the Clerk of Court a Request for Entry of Default in this action against all Defendants. (Dkt. Entry 16.) On the same date, a Motion for Default Judgment was also filed by Plaintiff, along with a supporting affidavit. (Dkt. Entries 17, 18.) The request and motion will both be denied on the basis that they were filed prematurely. As noted above, Waivers of Service filed by Defendants establish that a response to the complaint was not due until September 10, 2007.

On January 7, 2008, Plaintiff again filed a Request for Entry of Default, a Motion for Default Judgment, and a supporting affidavit. (Dkt. Entries 25-27.) It does not appear from the docket that default was ever entered. It also does not appear that Plaintiff filed a brief in support of his motion for default judgment as required by Local Rule of Court 7.5. Accordingly, the motion for default judgment will be dismissed without prejudice. Moreover, Defendants will be directed to respond to the Complaint within twenty (20)days from the date of this Order.

An appropriate Order follows.

                                                      **s/ Thomas I. Vanaskie**
                                                      Thomas I. Vanaskie
                                                    United States District Judge

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE MIDDLE DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| **ERIC LYONS,** | : |
| | : |
| **Plaintiff,** | : CIVIL NO. 3:CV-07-444 |
| | : |
| vs. | : (JUDGE VANASKIE) |
| | : |
| **JEFFREY BEARD, et al.,** | : |
| | : |
| **Defendants.** | : |

## O R D E R

**NOW, THIS 12th DAY OF FEBRUARY, 2008**, in accordance with the accompany Memorandum, **IT IS HEREBY ORDERED AS FOLLOWS:**

1. Plaintiff's Motion to Reinstate Inmate Boyking (Dkt. Entry 10) is **denied**.

2. Plaintiff's Motion for Temporary Restraining Order (Dkt. Entry 13) is **dismissed** for failure to file a supporting brief. See M.D. Pa. Local Rule 7.5.

3. Plaintiff's Motion for Entry of Default/Default Judgment filed on August 2, 2007, (Dkt. Entries 16, 17) are **denied as premature**.

4. Plaintiff's Motion for Entry of Default Judgment filed on January 7, 2008 (Dkt. Entry 27) is **dismissed** for failure to file a supporting brief. See M.D. Pa. Local Rule 7.5.

5. Plaintiff's Motion to Compel Service of the Complaint (Dkt. Entry 22) is **denied**.

6.      Defendants shall answer the Complaint within twenty (20) days from the date of this Order.

                                              **s/ Thomas I. Vanaskie**
                                              Thomas I. Vanaskie
                                              United States District Judge