**IN THE UNITED STATES DISTRICT COURT**
**FOR THE MIDDLE DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| **ERIC LYONS,** | : | **CIVIL NO. 3:07-CV-00444** |
| | : | |
| **Plaintiff,** | : | **(Magistrate Judge Carlson)** |
| | : | |
| **v.** | : | |
| | : | |
| **SECRETARY OF D.O.C.** | : | |
| **JEFFREY BEARD, ET AL.,** | : | |
| | : | |
| **Defendants.** | : | **JURY TRIAL DEMANDED** |

**MEMORANDUM ORDER**

## I.    BACKGROUND OF ORDER

In this civil action, Plaintiff Eric Lyons has brought claims against a number

of Defendants, employees of the Pennsylvania Department of Corrections, alleging

that his Eighth Amendment right to be free from cruel and unusual punishment was

violated when Defendants solicited other inmates to assault him while he was held

in the Special Management Unit ("SMU") during his incarceration at the State

Correctional Institute at Camp Hill ("SCI-Camp Hill").  Plaintiff also alleges that

Defendants used excessive force in their efforts to break up a fight between Plaintiff

and Anthony Boyking, another inmate in the SMU, on June 19, 2006.

Lyons has now filed a motion in limine seeking a number of pretrial

evidentiary rulings.  (Doc. 131.)  In the motion, Plaintiff seeks an order prohibiting

1

Defendants from introducing evidence concerning: (1) the felony convictions of his inmate witnesses; (2) misconducts authored by Defendants against those witnesses; (3) Plaintiff's 2004 conviction of aggravated harassment; (4) certain details of Plaintiff's 2002 felony rape case and (5) DC-17X forms describing the daily activities of Plaintiff's inmate witnesses in the SMU.[1]

Defendants have filed a brief in opposition to Plaintiff's motion.  (Doc. 133.) They object to Plaintiff's request, arguing that the details of Plaintiff's 2002 felony rape prosecution and trial are necessary to defend against the conspiratorial charges that Plaintiff alleges, and that they should be permitted to use the remaining evidence at issue for impeachment purposes during cross-examination at trial.

Upon consideration of the relief sought in the motion, and the briefs filed in support and opposition thereto, the motion will be denied without prejudice to renewal of these issues at trial in accordance with the Court's instructions.

---

[1] In their brief, Defendants claim that Plaintiff seeks an in limine ruling allowing him to submit the complaint and answer into evidence as prior statements pursuant to Rule 613 and urge the Court to defer a ruling until the time of trial due to concerns about hearsay.  (Doc. 133, at 15.)  Plaintiff makes no mention of the complaint and answer in his brief.  We thus decline to address the issue at this time, and will reserve consideration of this matter for trial, if necessary.

## II.     DISCUSSION

### A.     Evidence Regarding Past Criminal Convictions and Misconduct Records of Plaintiff's Witnesses.

Plaintiff first seeks entry of an order precluding Defendants from introducing evidence regarding the past criminal convictions and misconduct records of inmate witnesses who are expected to testify at trial.  Plaintiff argues that the probative value of the evidence is substantially outweighed by the danger of unfair prejudice. Defendants maintain that the evidence should be available to them at trial for impeachment purposes in service of the jury's evaluation of witness credibility.

### 1. Felony Convictions of Plaintiff's Witnesses.

Plaintiff witnesses James Paluch, Michael Bundy, Ahmeen Mustafa, Shawn Pressley, Telly Royster, Steven Cave, Robert Hankins, and Anthony Sides are each currently serving sentences for felony convictions ranging from robbery to first degree murder.  The witnesses were all housed in the SMU at the time of the alleged incidents at issue in this action.  Furthermore, two witnesses were additionally convicted of assaulting correctional officers during their incarceration.

Plaintiff argues that Defendants' use of the witnesses' past convictions for impeachment purposes should be prohibited based on Federal Rules of Evidence 403 and 404.  In this regard, Plaintiff contends that the convictions have no relevance to

the case at hand.  He claims that evidence of the convictions should be excluded under Rule 403 because the probative value of the convictions is outweighed by the danger of unfair prejudice and their introduction will lead to confusion of the issues and mislead the jury.  Moreover, he claims the admission of such convictions should be denied under Rule 404(b) since the convictions are irrelevant to prove motive, opportunity, intent, preparation, plan, knowledge, identity, or absence of mistake of accident.  Relying on Federal Rule of Evidence 609(b), Plaintiff also argues that all felony convictions that did not take place within the last ten years should be excluded. (Doc. 131, at 2-3.)

In response, Defendants argue that the convictions in question are probative of witnesses' truthfulness and should be available during cross-examination for purposes of impeachment.  According to Defendants, the felony convictions indicate a flagrant disregard of societal norms and an increased likeliness that the witnesses might commit perjury so that this information is relevant to the jury's evaluation of the credibility of witness testimony, a central part of the case.  (Doc. 133, at 6-7.) Defendants also note that the ten-year period set forth in Rule 609(b) runs not from the date of the witness's conviction, but rather from the date of the witness's release from prison, and thus does not operate to bar the introduction of any of the convictions at issue in this case.  (Doc. 133, at 5.)

4

Federal Rule of Evidence 609 provides as follows:

(a) General rule. For the purpose of attacking the character for truthfulness of a witness,

(1) evidence that a witness other than an accused has been convicted of a crime shall be admitted, subject to Rule 403, if the crime was punishable by death or imprisonment in excess of one year under the law under which the witness was convicted, and evidence that an accused has been convicted of such a crime shall be admitted if the court determines that the probative value of admitting this evidence outweighs its prejudicial effect to the accused; and

(2) evidence that any witness has been convicted of a crime shall be admitted regardless of the punishment, if it readily can be determined that establishing the elements of the crime required proof or admission of an act of dishonesty or false statement by the witness.

(b) Time limit. Evidence of a conviction under this rule is not admissible if a period of more than ten years has elapsed since the date of the conviction or of the release of the witness from the confinement imposed for that conviction, whichever is the later date, unless the court determines, in the interests of justice, that the probative value of the conviction supported by specific facts and circumstances substantially outweighs its prejudicial effect. However, evidence of a conviction more than 10 years old as calculated herein, is not admissible unless the proponent gives to the adverse party sufficient advance written notice of intent to use such evidence to provide the adverse party with a fair opportunity to contest the use of such evidence.

Fed. R. Evid. 609.

As written, Rule 609 is subject to the balancing required in Rule 403.  In this regard, Rule 403 of the Federal Rules of Evidence provides that:

> Although relevant, evidence may be excluded if its probative value
> is substantially outweighed by the danger of unfair prejudice,
> confusion of the issues, or misleading the jury, or by
> considerations of undue delay, waste of time, or needless
> presentation of cumulative evidence.

Fed. R. Evid. 403.  Although evidence may be excluded pursuant to Rule 403 prior to trial, the Third Circuit has cautioned that "pretrial Rule 403 exclusions should rarely be granted. . . . Excluding evidence as being more prejudicial than probative at the pretrial stage is an extreme measure that is rarely necessary, because no harm is done by admitting it at that stage." In re Paoli R. Yard PCB Litig., 916 F.2d 829, 859 (3d Cir. 1990); see also, Spain v. Gallegos, 26 F.3d 439, 453 (3d Cir. 1994) (noting the Third Circuit's "cautious approach to Rule 403 exclusions at the pretrial stage . . . .").  Moreover, the Third Circuit has characterized Rule 403 as a "trial-oriented rule" such that "[p]recipitous Rule 403 determinations, before the challenging party has had an opportunity to develop the record, are . . . unfair and improper." In re Paoli R. Yard PCB Litig., 916 F.2d at 859.

Upon consideration of the parties' competing positions on the relevance and potential for prejudice regarding the witnesses' prior convictions, and mindful of the Third Circuit's cautious approach to Rule 403 challenges, we find that Plaintiff's motion to exclude evidence of the witnesses' convictions should be denied without prejudice.

First, Rule 609(a) makes clear that evidence of felony convictions is indeed relevant to a jury's effective evaluation of witness credibility. Rule 609(a) states that the evidence of a witness's felony conviction "shall be admitted" except for those instances where Rule 403 or the time limit of Rule 609(b) demands otherwise. Rule 609 is based upon the "common sense proposition" that an individual who has "transgressed society's norms by committing a felony is less likely than most to be deterred from lying under oath." See Walden v. Georgia-Pacific Corp., 126 F.3d 506, 523 (3d Cir. 1997). Its purpose is to aid the jury in assessing the credibility of a witness. Id. In this case, witness credibility will play a decisive role in the jury's decision-making process. As such, Defendants should not be excluded from pointing out witnesses' felony history during cross examinations. The jurors should be allowed to consider such relevant information as they weigh the credibility of each witness's testimony unless Rule 403 or Rule 609(b) demands otherwise.

Moreover, Plaintiff has offered no compelling reason why the criminal histories of his witnesses should be excluded due to unfair prejudice. Although the admission of felony convictions to be used during witness impeachment does carry with it some danger of prejudice, it is not so overwhelming as to substantially outweigh the probative value under Rule 403 and thus justify a pretrial order excluding evidence of all convictions. In particular, the probative value of the felony convictions relating to

7

abusive behavior toward corrections officers is particularly high, since the Defendants in this case are themselves corrections officers.

Finally, Plaintiff's argument with respect to Rule 609(b) relied on an erroneous reading. The ten-year limit on the presumptive admissibility of felony convictions for impeachment purposes begins to run from the time of the witness's release from confinement whenever that date is later than the date of the conviction itself. See Fed. R. Evid. 609(b). At the time of the alleged incidents, all of the witnesses were–and, indeed, remain–incarcerated due to felony convictions. As such, the ten-year limit set forth in Rule 609(b) does not preclude the use of those convictions for impeachment purposes. Defendants intend to make use only of those convictions not precluded by the ten-year limit, and thus their proposed use of these convictions for impeachment purposes falls squarely within the ambit of Rule 609.

Based on the facts of this case, the witnesses' status as inmates will be obvious to the jury. Identifying which felony convictions resulted in incarceration may in fact be useful at trial in order to avoid jury speculation. While the felony convictions may create prejudice, it is only when that prejudice becomes "unfair" that the evidence must be excluded. See Coleman v. Home Depot, Inc., 306 F.3d 1333, 1344 & n.6 (3d Cir. 2002). At this time, the potential prejudice falls short of that threshold.

For the foregoing reasons, Plaintiff's motion to prevent Defendants from introducing evidence of the criminal convictions of the inmate witnesses will be denied without prejudice.  Plaintiff remains free to address his concerns at trial by raising appropriate objections to specific convictions introduced by Defendants.  Any danger of prejudice may be further controlled through the voir dire process or through cautionary jury instructions.

### 2. Evidence Regarding Misconducts of Plaintiff's Witnesses.

Plaintiff wishes to preclude Defendants from introducing misconduct reports that Defendants have previously issued to witnesses Anthony Sides, James Paluch, and Steven Cave.  (Doc. 131, at 4-5.)  Plaintiff relies on Federal Rules of Evidence 403 and 404(b) and argues that the reports are irrelevant and will confuse the jurors. (Doc. 131, at 5.)  Plaintiff also claims that Defendants have refused to release the complete misconduct history of a certain witness during the discovery process in this case.  Because of this refusal, Plaintiff argues that Defendants should be precluded from introducing any of the witnesses' misconduct history as evidence.

Defendants represent that they seek to introduce the misconduct evidence in order to impeach witnesses by showing reasons that these witnesses may be biased against Defendants.  Because of this limited purpose, Defendants shared with Plaintiff only those prison misconducts issued to the witnesses that Defendants themselves

authored, rather than the entirety of the witnesses' misconduct history. Defendants argue that these misconducts are relevant since they provide possible motivation for witnesses to retaliate against the Defendants by fabricating in-court testimony. Upon consideration, we find that Plaintiff's motion to preclude the witness misconduct history will be denied without prejudice.

Federal Rule of Evidence 402 supplies the rule governing admissibility of relevant evidence subject to grounds for exclusion under Rule 403. Rule 402 states that:

> All relevant data is admissible, except as otherwise provided by the Constitution of the United States, by Act of the Congress, by these rules, or by other rules prescribed by the Supreme Court pursuant to statutory authority. Evidence which is not relevant is not admissible.

Fed. R. Evid. 402.

Rule 404(b) of the Federal Rules of Evidence more specifically addresses the use of past wrongs as character evidence, stating that:

> Evidence of other crimes, wrongs, or acts is not admissible to prove the character of a person in order to show action in conformity therewith. It may, however, be admissible for other purposes, such as proof of motive, opportunity, intent, preparation, plan, knowledge, identity, or absence of mistake or accident, provided that upon request by the accused, the prosecution in a criminal case shall provide reasonable notice in advance of trial, or during trial if the court excuses pretrial notice on good cause

shown, of the general nature of such evidence it intends to introduce at trial.

Fed. R. Evid. 404(b).

With regard to Rule 402, Defendants' intended use of the evidence for witness impeachment during cross-examination is relevant. The misconduct reports will be used to show the witnesses' antipathy towards these particular Defendants and alert the jury to the possibility that their testimony against Defendants might be tainted by bias or motivated by retaliation toward the individual Defendants who authored the misconduct reports. Proof of potential bias is "almost always relevant because the jury, as finder of fact and weigher of credibility, has historically been entitled to assess all evidence which might bear on the accuracy and truth of a witness's testimony." See United States v. Abel, 469 U.S. 45, 51-52 (1984). As such, the misconduct reports are relevant data that the jury may use in their evaluation of witness credibility.

Moreover, the probative value of the misconduct reports issued to the witnesses by the Defendants is considerable, whereas the potential for unfair prejudice is relatively low given that the evidence is limited to those misconducts issued to witnesses by Defendants and will be used narrowly for impeachment purposes. Furthermore, the Court has the ability to limit the introduction of such evidence at trial in the event it becomes repetitive, confusing, or overly prejudicial. While the

11

misconduct evidence may prove harmful to Plaintiff's case, it will be so only by informing the jury of relevant information and aiding them in their evaluation of witness credibility, not by creating unfair prejudice.  Its general exclusion under Rule 403 at this pretrial stage is not justified.

In addition, the grounds for inadmissibility under Rule 404(b) are not applicable here since Defendants do not plan to use the misconduct history as character evidence. Defendants seek to impeach witness testimony by highlighting potential bias and retaliative motives stemming from the misconducts in order to challenge the truthfulness of witness testimony.

Finally, we note that Rule 608(b) of the Federal Rules of Evidence permits cross examination of witnesses regarding prior instances of conduct, at the discretion of the court, when that prior conduct may be probative of truthfulness.  Rule 608(b), provides yet another, albeit limited, potential basis for use of this information in cross-examination at trial.

With respect to Defendants' intended use, there are no manifest grounds for wholesale pretrial exclusion of this evidence.  Plaintiff may raise objections at trial, when the Court may better weigh the probative value of the evidence against any prejudice it might create in the minds of jurors.  In addition, cautionary instructions

to the jury may be provided in order to further obviate any risk of prejudice if that Court determines that such instructions are appropriate.

**B.    Evidence Regarding Plaintiff's 2004 Felony Conviction for Aggravated Harassment By Prisoner and Details of 2002 Rape Trial.**

In his motion, Plaintiff further seeks to prohibit Defendants from introducing his 2004 felony conviction for aggravated harassment while an inmate, along with details of his 2002 felony rape trial and conviction.  (Doc. 131, at 5-7.)  Plaintiff claims that the 2004 conviction has no relevance to the issues of this case, and asserts that details of his 2002 trial and conviction will be unfairly prejudicial and will incite the emotions of the jury.  (Doc. 131, at 5-7.)

Defendants contend that the 2004 conviction is admissible for impeachment purposes to show bias against Defendants.  Defendants also argue that they must be able to test the witnesses' knowledge of Plaintiff's 2004 trial and conviction during cross-examination in order to raise an adequate defense to the allegations of conspiracy that Plaintiff brings against Defendants.  We consider the evidence relating to these convictions separately below.

## 1. Plaintiff's 2004 Felony Conviction For Aggravated Harassment By Prisoner.

Plaintiff seeks to preclude his 2004 felony conviction for aggravated harassment by prisoner while he was incarcerated at the State Correctional Institute at Huntingdon, pursuant to Federal Rules of Evidence 403 and 404(b).  (Doc. 131, at 5.) Plaintiff argues that the conviction has no relevance with respect to the issues in this case. (Doc. 131, at 6-7.)

Defendants, on the other hand, contend that the 2004 Felony is admissible and may be used to impeach the Plaintiff under Federal Rule of Evidence 609 because it establishes bias toward correctional officers and an increased likelihood that Plaintiff would make false accusations against correctional officers.  (Doc. 133, at 11.) Defendants also reiterate that a felony conviction shows a disregard for societal norms and is probative of Plaintiff's likelihood to commit perjury on the witness stand.  (Id.)

Once again, pursuant to Rule 609 of the Federal Rules of Evidence, which permits introduction of such evidence for impeachment, and mindful of the Third Circuit's cautious approach to pretrial exclusion of evidence under Rule 403, see In re Paoli, 916 F.2d at 859, Plaintiff's request to exclude his 2004 conviction will be denied without prejudice.

Rule 609(a) allows the admission of evidence of a witness's previous felony conviction to be used for impeachment purposes. The exceptions to Rule 609(a) are limited to the balancing test required by Rule 403 and the ten-year time limit on the use of such evidence set forth in Rule 609(b). Lyons' conviction for felony assault against a corrections officer occurred in 2004, and thus falls within the ten-year limit. Not only is the conviction timely, but the nature of the felony may make it particularly probative in connection to Plaintiff's allegations since both the 2004 felony and the allegations at issue in this case involve violence and correctional officers. In 2004, Plaintiff was convicted of aggravated harassment of a correctional officer. In this case, Plaintiff alleges that he was exposed to cruel and unusual punishment along with excessive force due to the actions of correctional officers.

Given the presumptive admissibility of this evidence, and its clear relevance to this particular case, we conclude that Defendants should be allowed to use Plaintiff's 2004 aggravated harassment conviction for impeachment purposes. Although we recognize the potential for prejudice, we cannot at this time balance this potential for prejudice against the probative value of the evidence at the time of trial. Furthermore, if the risk of prejudice becomes substantial, it may be addressed through issuance of a cautionary instruction at an appropriate time at trial rather than through wholesale exclusion of this evidence before trial has even begun. For these reasons, Plaintiff's

15

motion will be denied with respect to his request that the Court prohibit Defendants from introducing evidence regarding his 2004 felony conviction for assaulting a corrections officer without prejudice to renewal of this request at trial.

## 2. Details of Plaintiff's 2002 Rape Conviction.

Plaintiff also seeks to preclude the introduction of details of his 2002 rape trial and conviction.  (Doc. 131, at 5-7.)  He claims that the fifty-one pages of documents submitted by Defendants that stem from the trial are unfairly prejudicial, needless, and will be used to incite the emotions of the jurors in violation of Rule 403 of the Federal Rules of Evidence.  (Doc. 131, at 5-6.)

Defendants argue that such evidence is necessary to their defense based on Plaintiff's allegations that Defendants were supplying details of his 2002 criminal case to his inmate witnesses.  (Doc. 133, at 12-14.)  In order to effectively cross-examine the inmate witnesses, Defendants must be able to evaluate the witnesses' knowledge of certain details of Plaintiff's crime.  (Doc. 133, at 13-14.)  Defendants also make clear that they do not intend to offer all of the documentation mentioned in Plaintiff's brief as evidence.  Defendants simply provided the documents to Plaintiff in order to resolve a dispute that occurred at a scheduling conference and do not plan to introduce those documents that are needless at the time of trial.  (Doc. 133 at 14.)

Under Federal Rule of Evidence 609, Plaintiff's actual 2002 conviction may be introduced for impeachment. However, further details of the case that Defendants might seek to introduce for other evidentiary purposes must meet the balancing test set forth in Rule 403. In this regard, the probative value of the evidence must not be substantially outweighed by the danger of unfair prejudice or misleading the jury. See Fed. R. Evid. 403. While the Court appreciates that evidence of the 2002 rape conviction will likely be harmful to Plaintiff's case, we cannot say that this potential for harm is so significant, and so unfair, as to justify preclusion at this time.[2]

Recognizing the necessity of the evidence to the case and the guidance of the appellate courts that balancing of prejudice against probative value under Rule 403 can rarely occur in the abstract, the Court will deny Plaintiff's motion in limine at this time to the extent it requests that Defendants be absolutely foreclosed from introducing evidence concerning the details of Plaintiff's 2002 rape conviction.

---

[2] The Plaintiff's concerns about the impact of this evidence upon the jury are not overstated. Even where relevant and probative, details regarding Plaintiff's rape of a child are likely to inspire strong emotions from the jury. Real potential for prejudice may arise if the Defendants introduce details of the 2002 conviction that are extraneous to the allegations leveled against Defendants. Yet, the witnesses' knowledge of specific details of Plaintiff's crime and the way in which they acquired this knowledge are issues at the very heart of the conspiracy alleged in this case. Defendants cannot effectively cross-examine witnesses without inquiring into the witnesses' knowledge of specific details of Plaintiff's crime. As such, the probative value of the evidence is manifest. In the abstract, it is not clear that the probative value of the details is substantially outweighed by the danger of unfair prejudice.

However, because the Court recognizes the potential danger of prejudice created by the introduction of these details, we remind Plaintiff that he may object to their introduction at trial and instruct the Defendants that they should be prepared to make an offer of proof which addresses Rule 403 considerations before attempting to introduce this evidence. Moreover, in order to avoid potential prejudice, we will direct the defendants to make an offer of proof outside the presence of the jury prior to endeavoring to use this particular evidence at trial. Armed with this offer of proof, and the Plaintiff's objections, at the time of trial the Court will be better able to balance probative value of detailed evidence of this crime against the danger of prejudice.

### C.    Plaintiff Witnesses' DC-17X Forms.

Finally, Plaintiff seeks to prohibit Defendants from introducing the DC-17X records of witnesses Steven Cave, Anthony Sides, Michael Bundy, James Paluch, Shawn Pressley, and Ahmeen Mustafa into evidence. (Doc. 133, at 7.) These records contain observational and behavioral information about the inmates and include a record of inmate locations throughout the day. (Doc. 131, at 14.) During discovery, Plaintiff requested the his DC-17X records and those relating to Inmate Boyking. Defendants objected to responding to these requests for security reasons.

Plaintiff now requests that Defendants be precluded from using the DC-17X forms of other inmate witnesses because prior counsel refused to make Plaintiff's and

18

Inmate Boyking's DC-17X records available. (Doc. 133, at 7-8.) Plaintiff also questions the authenticity and originality of the forms. (Doc. 133, at 8.)

Because the location of Plaintiff and Boyking is not disputed, Defendants claim the documents requested by Plaintiff during discovery were and are irrelevant and that their refusal to produce these documents was appropriate. (Doc. 133, at 14-15.) For impeachment purposes, Defendants wish to keep the DC-17X records of the other witnesses available in the event an inmate witness testifies to observing the alleged excessive force of June 19, 2006, when the DC-17X forms indicate that the inmate was not in the SMU yard at that time. (Id.) Defendants claim that they have no intention of using any privileged information. (Id.)

In the face of Defendants' reasonable explanation regarding the potential limited use of the DC-17X evidence, we find Plaintiff's arguments to entirely preclude the introduction of the forms to be unpersuasive, and we further find the potential relevance of this information to be clear. Accordingly, we will deny Plaintiff's request that the Court enter a pre-trial order prohibiting Defendants from making any use of the DC-17X evidence at trial in this case. However, in order to avoid unfair surprise and prejudice to the Plaintiff, we will instruct the Defendants to be prepared to disclose to Lyons when he calls witnesses whether specific Inmate-witnesses were in the SMU yard at the time fo this July 19, 2006 assault.

19

## III.   <u>ORDER</u>

AND NOW, this 15th day of June 2011, for the reasons set forth in the above memorandum, IT IS HEREBY ORDERED THAT Plaintiff's motion in limine (Doc. 115) is DENIED without prejudice.  Further evidentiary rulings will await trial in this action.


*/s/Martin C. Carlson*
Martin C. Carlson
U.S. Magistrate Judge