# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| ERIC LYONS, | : | |
| | : | |
| Plaintiff, | : | Civil Action No. 3:07-CV-444 |
| | : | |
| v. | : | |
| | : | |
| JEFFREY BEARD, et al., | : | (Magistrate Judge Carlson) |
| | : | |
| Defendants. | : | |

## MEMORANDUM OPINION

### I.     Statement of Facts and of the Case

In this action, plaintiff Eric Lyons has sued past and present employees of the Pennsylvania Department of Corrections at the State Correctional Institution at Camp Hill ("SCI-Camp Hill"). Plaintiff alleges that in May and June of 2006, certain correctional officers actively solicited inmates within the Special Management Unit ("SMU") at SCI-Camp Hill to assault him, and that other correctional supervisors ignored Lyons when he warned them that the officers they supervised were planning to have him attacked.

Plaintiff also claims that on June 19, 2006, while Lyons was housed in the SMU at SCI-Camp Hill, he engaged in a fight with another SMU inmate, Anthony Boyking. Plaintiff has alleged that Boyking initiated a fight with him after being urged to do so by correctional officers. Plaintiff further contends that certain of the defendants failed

to intervene or stop the fight until Boyking yelled for help, and that once they intervened, these defendants used excessive force in subduing Lyons. Lyons claims to have suffered physical injuries as a result of both the fight with Lyons and defendants' alleged use of excessive force. Plaintiff brought this lawsuit claiming that these alleged actions violated his rights under the Eighth Amendment to the United States Constitution to be free from cruel and unusual punishment. A jury trial in this case is scheduled to commence on August 8, 2011.

Now pending in the above-captioned action is a motion *in limine* in which defendants request entry of an order precluding plaintiff from seeking to introduce certain evidence at trial. (Doc. 158.) Specifically, defendants argue that plaintiff should be precluded from introducing testimony from two inmate-witnesses who are expected to testify about other wrongs allegedly committed within the SMU that are unrelated to the events of June 19, 2006. As the defendants note, it would be physically impossible for these two inmate witnesses to testify about the actual incident at issue here since the two inmate witnesses– Inmates Hankin and Royster– were not housed in the SMU on June 19, 2006, and had been transferred from that facility months prior to this incident. The motion is now fully briefed and ripe for disposition.

On July 21, 2011, we entered an opinion and order regarding a related motion *in limine* in this case, which spoke to the issue of whether the Court would entertain testimony regarding unrelated alleged assault incidents. (Doc. 167) At that time we concluded that;

> No inmate-witness will be permitted to testify about events that are unrelated to the June 19, 2006, incident that is the subject of this lawsuit in order to prove that Defendants had the "habit" of arranging fights between inmates or otherwise harassing disliked inmates or preventing them from graduating from the SMU.

(Id., p. 14.)

However, in order to permit the plaintiff one final opportunity to demonstrate the relevance of this proof we provided that:

> On or before **Friday, July 29, 2011**, plaintiff may submit a final proffer about the intended testimony of inmate-witnesses in order to demonstrate that their testimony about events not directly related to the June 19, 2006, incident that is the subject of this action is both relevant and admissible. If plaintiff submits such a proffer, he is instructed to take into account the guidance set forth in this order.

(Id.)

We further noted that this admonition that the plaintiff should provide a more detailed proffer of relevance specifically applied to the testimony of Inmates Royster and Hankin, stating that:

> In addition, defendants submitted a second motion in limine arguing that the Court should also exclude the testimony of Inmates Hankin and Royster because these witnesses were not housed at SCI-Camp Hill on

3

or near any of the dates defendants contend are relevant to the claims in this case. (Doc. 158) Plaintiff has not yet responded to this motion. Because we are providing plaintiff with one final opportunity to explain the relevance and admissibility of the intended testimony of inmate-witnesses about the conduct of defendants that is not directly related to the June 19, 2006, incident at issue in this case, plaintiff will necessarily be required to explain the relevance and admissibility of the testimony of Inmates Hankin and Royster. To that plaintiff is unable to make this demanding showing, the Court will not permit Inmates Hankin and Royster to testify at all in this case, and will enter an order quashing the subpoenas issued to these witnesses, and modify the Court's June 23, 2011, order authorizing plaintiff to engage in limited communication with the inmate witnesses he intends to call prior to trial.

(Id., p.9, n.2.)

The plaintiff has not submitted any further proffer of relevance, as directed by this Court. Therefore, this motion *in limine* is ripe for resolution. Upon consideration, and for the reasons that follow, we will grant defendants' motion to exclude testimony of Inmates Hankin and Royster about other wrongs that defendants allegedly committed within the SMU that are entirely unrelated to the events of June 19, 2006.

**II.    Discussion**

**A.    Testimony and Evidence By Inmates Royster and Hankin Regarding Other Wrongs in the SMU Not Related to the June 19, 2006 Incident Is Not Admissible at Trial.**

As we have previously noted in our prior opinion, on May 4, 2011, plaintiff filed a document entitled "Plaintiff's Showing of Relevance for Inmate Witnesses." (Doc. 117.) In this document, plaintiff lays out his reasons for soliciting testimony

Inmates Hankin and Roster, explaining that he intended to offer testimony from Inmate Robert Hankins, who is prepared to testify about "the various methods and tactics employed by officials in the SMU program in order to prevent inmates from completing the program, including, but not limited to, arranging for disliked inmates to fight in the exercise yard." (Id. ¶ 4.) Plaintiff further indicated that Inmates Sean Pressley and Telly Royster would testify about, among other things, "the character and conduct of the defendants to set inmates up in the yard to fight or yell out their cell doors at each other so they could receive misconducts." (Id. ¶¶ 7 and 8.) This constitutes the only proffer of relevance pertaining to these two inmate witnesses since, despite our invitation, (Doc. 167), Lyons has not supplemented this offer of proof, and the time for filing a supplemental offer of proof has now passed.

Defendants have moved for the Court to enter a pre-trial order preventing plaintiff from introducing the testimony of these two witnesses. That motion notes, in part, that neither Royster nor Hankin was housed at the SMU for months preceding the June 19, 2006 incident that is the subject of this lawsuit. Given this immutable fact, defendants argue that the testimony of these witnesses should not be permitted under Rule 404(b) of the Federal Rules of Evidence. Rule 404(b) provides as follows:

> Evidence of other crimes, wrongs, or acts is not admissible to prove the character of a person in order to show action in conformity therewith. It may, however, be admissible for other purposes, such as proof of motive,

opportunity, intent, preparation, plan, knowledge, identity, or absence of mistake or accident, provided that upon request by the accused, the prosecution in a criminal case shall provide reasonable notice in advance of trial, or during trial if the court excuses pretrial notice on good cause shown, of the general nature of such evidence it intends to introduce at trial.

Fed. R. Evid. 404(b). The Third Circuit has directed district courts to apply a four-part test in order to determine whether to admit evidence under Rule 404(b): (1) the evidence must have a proper purpose; (2) the evidence must be relevant; (3) the probative value of the evidence must outweigh its potential for unfair prejudice; and (4) if the evidence is permitted, the court must charge the jury to consider the evidence only for the limited purpose for which it is admitted. United States v. Rahamin, 168 F. App'x 512, 519 (3d Cir. 2006) (citing United States v. Cruz, 326 F.3d 392, 395 (3d Cir. 2003).

Considering these factors, it is clear that to the extent plaintiff is intending to solicit testimony from inmate witnesses about other alleged wrongs or past practices which are remote in time from the events of June 19, 2006, in an effort to show that the alleged incident on June 19, 2006, was in conformity with those past wrongs or practices, the testimony is improper under Rule 404(b). Although we appreciate that Rule 404(b) is a "rule of inclusion rather than exclusion," United States v. Scarfo, 850 F.2d 1015, 1019 (3d Cir. 1998), the plaintiff is attempting to prove that the conduct

of corrections officials in this case is similar to past practices of these (or perhaps other) corrections officers within the SMU at other times distant from these events. Such testimony plainly runs afoul of Rule 404(b)'s prohibition against introducing "[e]vidence of other crimes, wrongs, or acts . . . to prove the character of a person in order to show action in conformity therewith."

Nor does Rule 406 of the Federal Rules of Evidence permit the introduction of this evidence at trial. Federal Rule of Evidence 406 provides:

> Evidence of the habit of a person or of the routine practice of an organization, whether corroborated or not and regardless of the presence of eyewitnesses, is relevant to prove that the conduct of the person or organization on a particular occasion as in conformity with the habit or routine practice.

Fed. R. Evid. 406. The Advisory Committee Notes to Rule 406 explain that habit "describes one's regular response to a repeated specific situation . . . such as the habit of going down a particular stairway two stairs at a time, or of giving the hand signal for a left turn . . . . The doing of habitual acts may become semi-automatic." Fed. R. Evid. 406 Advisory Committee Notes (1972); see also United States v. Wright, 206 F. Supp. 2d 609, 615 (D. Del. 2002) ("[T[o qualify as habit evidence, the proffered evidence must be specific and particular."). In the case at bar, the generic and vague proffer of testimony from the inmates Hankin and Royster fails to satisfy either of these requirements. Nothing in plaintiff's statement of relevance suggests specificity

or particularity, and in fact the defendants have specifically shown that neither inmate was housed at the SMU at the time of the events alleged in this lawsuit. Thus, we find as to these witnesses that Lyons has simply not proffered any evidence that could be classified as habit evidence under Rule 406. Not only has plaintiff failed to make an offer of proof as to what, exactly, each of the inmates witnesses is expected to testify to with respect to alleged "habit" evidence, but he has provided no indication at all that would even suggest that the testimony that might be offered involved a repeated response to a specific and similar situation. Indeed, although we expect that Lyons is hoping the inmate witnesses will testify about arranged fights within the SMU, or about harassment of other inmates within the SMU, he has not offered any specifics about what the inmate witnesses are expected to say at trial. Further it is undisputed that neither Inmate Royster nor Inmate Hankin was physically present at the SMU during the time frame of the events alleged in this lawsuit. Therefore, they simply cannot testify competently to matters that may have occurred contemporaneously with the June 19, 2006 affray involving the plaintiff. Because we find that the testimony proposed by these inmate witnesses falls far short of what is required in order to introduce evidence of "habit" under Rule 406, we will grant defendants' motion to prevent the inmate witnesses from testifying about unspecified past wrongs or

practices that are offered in an effort to show that defendants had a "habit" of setting up inmate fights, and of harassing disliked inmates.

### III. Order

Accordingly, for the reasons set forth above, defendants' motion *in limine* (Doc. 158) is GRANTED. Inmate-witnesses Hankin and Royster will not be permitted to testify about events that are unrelated to the June 19, 2006 incident that is the subject of this lawsuit in order to prove that defendants had the "habit" of arranging fights between inmates or otherwise harassing disliked inmates or preventing them from graduating from the SMU.

So ordered this 9th day of August, 2011.

*S/Martin C. Carlson*
Martin C. Carlson
United States Magistrate Judge