IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| ERIC LYONS, | : | |
| | : | |
| Plaintiff | : | Civil No. 3:07-CV-444 |
| | : | |
| v. | : | |
| | : | (Magistrate Judge Carlson) |
| JEFFREY BEARD, et al., | : | |
| | : | |
| Defendants | : | |

**MEMORANDUM ORDER**

The above-captioned action is scheduled to be tried before a jury, beginning on Monday, September 26, 2011. To date, the Court has issued a number of subpoenas to allow plaintiff to compel witnesses to testify at his trial, including inmates incarcerated at various institutions operated by the Pennsylvania Department of Corrections. Plaintiff has now filed a motion requesting that the Court issue two additional subpoenas to permit him to call as witnesses two individuals whom he claims have information relevant to his claims.

Specifically, plaintiff requests a subpoena for Dr. Henry K. Smith, the medical professional plaintiff claims examined and treated him following the June 19, 2006 assault that forms the basis for this lawsuit. Lyons claims that Dr. Smith should be called as an expert witness, to testify about his findings, conclusions, and explanations made to plaintiff regarding the condition of his ribs following the

incident. Plaintiff represents that Dr. Smith is an employee of the Department of Corrections, and he expects he is unlikely to testify voluntarily on plaintiff's behalf.

Additionally, plaintiff seeks the issuance of a subpoena for Gary Abrams, whom plaintiff claims was his counselor from the Long-Term Segregation Unit at SCI-Fayette. Plaintiff claims that Mr. Abrams can offer testimony that plaintiff did not have any disciplinary custody time remaining to be served prior to his arrival at the Special Management Unit at SCI-Camp Hill, and perhaps to authenticate a document that Mr. Adams allegedly signed while he was plaintiff's counselor at SCI-Fayette.

Defendants promptly filed a brief opposing plaintiff's motion for the additional subpoenas. (Doc. 175) In their brief, defendants represent that Dr. Smith is not, was not, and never has been an employee of the Department of Corrections. (Id. ¶ 4) Defendants' counsel represents that they spoke with Dr. Smith about Plaintiff's offer of proof regarding his testimony, and they claim that Dr. Smith stated that he was an outside physician who was contracted to read inmates' x-rays, and that he never entered correctional facilities, interacted with inmates, or spoke to Plaintiff about his injuries. (Id. ¶¶ 6, 7) Additionally, Defendants argue that because plaintiff is seeking to call Dr. Smith as an expert

witness, he would be responsible for paying Dr. Smith's expert witness fees, because the Third Circuit has held that the statute authorizing indigent plaintiffs to proceed *in forma pauperis* does not permit the prepayment of expert witness fees on behalf of an indigent plaintiff.  (Id. ¶ 8) (citing Boring v. Kozakiewicz, 833 F.2d 468, 474 (3d Cir. 1987).

Defendants also oppose the issuance of a subpoena for Mr. Adams on the grounds that the testimony plaintiff seeks to elicit is totally irrelevant to the claims in this case, since the testimony would not relate in any way to the events of June 19, 2006.  Additionally, defendants argue that there is no compelling reason to require Mr. Adams to travel more than 200 miles from the place of his current employment in Waynesburg, Pennsylvania, to testify at this trial.  Lastly, defendants note that witnesses who are subpoenaed to testify at trial are entitled to per diem payment of $40.00, plus travel expenses, and a subsistence allowance for witnesses requiring overnight stays.  See 28 U.S.C. § 1821.

Upon consideration of the parties' competing positions regarding the issuance of the two additional subpoenas, we have concluded that plaintiff has made a sufficient showing to justify the issuance of a subpoena for Dr. Smith as a fact witness in this case, but that there is no basis to issue a subpoena for Mr. Adams.

As plaintiff rightly notes, defendants previously filed a motion in limine to prevent plaintiff from offering his own testimony about his medical condition following the June 19, 2006, assault at SCI-Camp Hill. The Court agreed with defendants that plaintiff was incompetent to offer expert medical testimony, and, therefore, granted defendants' motion in limine. (Doc. 167) However, in our order, we instructed that to the extent Dr. Smith could give relevant and competent testimony as a result of his own examination of plaintiff's alleged injuries, the plaintiff would be permitted to present such testimony at trial by calling Dr. Smith as a witness. (Doc. 167, at 7)

We fully agree with defendants that plaintiff cannot compel Dr. Smith to provide expert testimony, and we agree that the statute authorizing plaintiff to proceed *in forma pauperis* does not permit the relieving plaintiff of prepaying for expert witness fees and expenses. See Boring, 833 F.2d at 474. However, we perceive no reason, and defendants have pointed to none, as to why plaintiff should not be permitted to call Dr. Smith as a fact witness, to the extent Dr. Smith is able to offer competent fact testimony about his review of plaintiff's x-rays, and anything that plaintiff alleges Dr. Smith told him about his injuries.[1] We will

---

[1] We recognize that plaintiff has proposed to call Dr. Smith as an expert witness, rather than a fact witness. (Doc. 174 ¶ 7) We also appreciate that plaintiff is litigating this matter as a *pro se* litigant, and we, therefore, interpret his

direct that Clerk of Court to issue a subpoena to plaintiff for Dr. Smith, although in order to call Dr. Smith as a witness in this case, plaintiff will be required to arrange for service of the subpoena, and tender to Dr. Smith $40.00 and the fees for any mileage allowed by law at the time of service.  See 28 U.S.C. § 1821; Fed. R. Civ. P. 45(b) (setting forth service requirements).  See also Canady v. Kreider, 892 F. Supp. 668, 670 (M.D. Pa. 1995) (finding that there is no statutory provision authorizing a federal court to waive or provide for payment of witness fees required by 28 U.S.C. § 1821(a), and accordingly holding that "a litigant proceeding *in forma pauperis* is required to tender witness fees as provided in § 1821 to effect service of subpoenas under Rule 45(b)(1).").

In contrast, we agree with defendants that plaintiff has not demonstrated that he should be permitted to compel Mr. Adams to testify as a witness at trial, as

---

request for a subpoena with some leniency.  We have read plaintiff's motion broadly to embrace a request to call Dr. Smith to provide factual testimony to support his claims, as well as testimony that is in the nature of expert opinion testimony.  While we agree that plaintiff should not be permitted to compel Dr. Smith to provide expert opinion testimony at trial, we do not reach this conclusion with respect to the propriety of Dr. Smith being called as a fact witness.  We do note that calling Dr. Smith as a witness could hold risks for plaintiff at trial.  Defendants have proffered that Dr. Smith will testify that he never spoke with plaintiff about his injuries, or about Dr. Smith's own review of plaintiff's x-rays.  This seems to be directly contrary to what plaintiff expects Dr. Smith to say.  Thus, plaintiff's hopes that Dr. Smith will offer relevant testimony that is helpful to his claims appears to be somewhat questionable.

we do not find that his testimony has any potential relevance to the claims in this case. Because of this finding, we decline to direct the issuance of a subpoena for this individual.

Accordingly, IT IS HEREBY ORDERED THAT plaintiff's motion for the issuance of additional subpoenas is GRANTED in part and DENIED in part.

The Clerk of Court shall provide plaintiff with a subpoena for Dr. Henry K. Smith. Plaintiff shall bear the burden and costs associated with having the subpoena properly served upon Dr. Smith, together with all required fees, in accordance with Rule 45(b) of the Federal Rules of Civil Procedure.

In all other respects, the motion is DENIED.

So ordered this 18th day of August 2011.

*/s/ Martin C. Carlson*
Martin C. Carlson
United States Magistrate Judge