**IN THE UNITED STATES DISTRICT COURT**
**FOR THE MIDDLE DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| ERIC LYONS, | : | |
| | : | **Civil Action No. 3:07-CV-444** |
| **Plaintiff** | : | |
| | : | **(Magistrate Judge Carlson)** |
| v. | : | |
| | : | |
| JEFFREY BEARD, et al., | : | |
| | : | |
| **Defendants** | : | |

## MEMORANDUM ORDER

## I.   INTRODUCTION

In this civil action, Plaintiff Eric Lyons has brought claims against a number of employees of the Pennsylvania Department of Corrections, alleging that these defendants violated his right under the Eighth Amendment to the United States Constitution to be free from cruel and unusual punishment when Defendants solicited other inmates to assault him while he was held in the Special Management Unit ("SMU") at the State Correctional Institution at Camp Hill ("SCI-Camp Hill"). Plaintiff also alleges that Defendants used excessive force in their efforts to break up a fight between Plaintiff and Anthony Boyking, another inmate in the SMU at SCI-Camp Hill, whom Plaintiff claims corrections staff induced to assault him on June 19, 2006.

Now pending before the Court are two remaining issues relating to discovery

motions that we previously addressed on June 17, 2011.

These two matters related to Lyons' requests for two items of discovery: First, Lyons requests that he be permitted to examine the Plaintiff's DC-17X reports from April 5, 2006 - June 21, 2006.  These DC-17X reports detail the monitoring of the Plaintiff's daily activities in the Special Management Unit during the weeks immediately preceding, and in the days immediately following, the alleged assault of Lyons by inmate Boyking. In a factual proffer tendered by Lyons at the Court's direction (Doc. 157), Lyons asserts that these DC-17X reports are relevant because they will show that Lyons was a compliant, non-disruptive inmate in the days and weeks preceding this incident, thus rebutting any assertion that Lyons was acting out in an aggressive fashion at this time. (Id.)

Second, Lyons seeks PRC reports relating to inmate Boyking. These reports are periodic reviews of Boyking's institutional adjustment in the SMU program, and Lyons proffers that he requires this information in order to determine whether prison officials had advance knowledge of Boyking's propensity to violence towards him and to ascertain whether Boyking received favorable treatment from prison officials after his assault on Lyons. (Doc. 157.) We note that the Department of Corrections has already released some of this material to Lyons. Specifically the defendants have produced reports documenting violence by Boyking. Nonetheless, Lyons seeks access

to the entirety of Boyking's PRC files.

In order to engage in an informed review of these matters we directed the defendants to provide us with these materials for our in camera review. Having conducted this review, we conclude that Lyons should be provided copies of his DC-17X reports, but find that the disclosures previously made from Boyking's PRC file fully satisfy the defendants' discovery obligations and deny Lyons' request for further access to those files.

## II.   DISCUSSION

Lyons' requests call upon the Court to exercise its authority to regulate discovery in this case.  Issues relating to the scope and timing of discovery permitted under the Federal Rules of Civil Procedure rest in the sound discretion of the Court. Wisniewski v. Johns-Manville Corp., 812 F.2d 81, 90 (3d Cir. 1987).  A court's decisions regarding the conduct of discovery will be disturbed only upon a showing of an abuse of discretion.  Marroquin-Manriquez v. I.N.S., 699 F.2d 129, 134 (3d Cir. 1983).

This discretion is guided, however, by certain basic principles. Thus, at the outset, it is clear that Rule 26's broad definition of that which can be obtained through discovery reaches only "nonprivileged matter that is relevant to any party's claim or defense." Therefore, valid claims of relevance and privilege still cabin and restrict the

court's discretion in ruling on discovery issues. Furthermore, the scope of discovery permitted by Rule 26 embraces all "relevant information" a concept which is defined in the following terms: "Relevant information need not be admissible at trial if the discovery appears reasonably calculated to lead to the discovery of admissible evidence."

A party moving to compel discovery bears the initial burden of proving the relevance of the requested information. Morrison v. Philadelphia Housing Auth., 203 F.R.D. 195, 196 (E.D.Pa. 2001). Once that initial burden is met, "the party resisting the discovery has the burden to establish the lack of relevance by demonstrating that the requested discovery (1) does not come within the broad scope of relevance as defined under Fed.R.Civ.P. 26(b)(1), or (2) is of such marginal relevance that the potential harm occasioned by discovery would outweigh the ordinary presumption in favor of broad disclosure." In re Urethane Antitrust Litigation, 261 F.R.D. 570, 573 (D.Kan. 2009).

### 1.    Inmate Boyking's PRC Reports.

Judged against these standards we find that Lyons has not met his burden of proof with respect to his request that Defendants provide him copies of Inmate Boyking's Program Review Committee ("PRC") Reports from February 2006 through Boyking's release from the SMU program. As we have noted, Defendants have

already produced one of Boyking's PRC reports, after concluding that its relevance to Plaintiff's case was clear.  Defendants have objected to producing any additional PRC reports, contending that the Department of Corrections carefully guards against dissemination of information contained within the reports to the inmate community, and that release of such information to Plaintiff would compromise institutional security and permit Plaintiff's access to sensitive information about prison operations. However, Defendants have agreed to provide Boyking's PRC records to the Court for *in camera* review in order to balance Lyons's "need for information contained in the PRC reports that reflects how Boyking progressed through the SMU Program with the Department's real and legitimate security concerns with providing personal information about Boyking to Lyons, and allowing Lyons to possess copies of parts of Boyking's inmate file."  (Doc. 136, at 9-10.)

Having conducted this *in camera* review we conclude that the remaining PRC reports contain nothing that would be relevant to the issues framed in this lawsuit. We further find that the release of these reports would  potentially violate the privacy rights of the third party named in the reports, Mr. Boyking. Therefore, in the exercise of our discretion we will deny this request. See Mincy v. Chmielewski, No. 05-292, 2006 WL 3042968 (M.D.Pa. Oct. 25, 2006)(denying access to third-party complaints on privacy grounds).

## 2.   Plaintiff's DC-17X Reports from April 5, 2006 - June 21, 2006.

As for the Plaintiff's requests that Defendants be required to produce his DC-17X, or cumulative adjustment record, for the approximately two-month period between April 5, 2006, and June 21, 2006, Lyons asserts that these reports are relevant because they will show that Lyons was a compliant, non-disruptive inmate in the days and weeks preceding this incident, thus rebutting any assertion that Lyons was acting out in an aggressive fashion at this time. Having reviewed these reports and observed the notations on the reports relating to Lyons' conduct and attitude at the time of these events in June of 2006, we conclude that the reports may have some relevance both to Lyons' claims and the defense of those claims. Therefore, we direct the defendants to provide Lyons with a copy of these DC-17X reports.[1]

## III   ORDER

Accordingly, for the reasons set forth above, IT IS HEREBY ORDERED THAT:

1.   Plaintiff's request for unredacted copies of Inmate Anthony Boyking's Program Review Committee ("PRC") Reports for the period from February 2006 through his release from the SMU at SCI-Camp Hill is DENIED.

---

[1]The defendants may, but are not required to redact from the reports the names of non-defendant corrections officers in the column listed as "Staff member Signature". The defendants are directed to provide a copy of the reports to Lyons on or before September 21, 2011.

2.      On or before **Monday, September 21, 2011**, Defendants shall provide the Plaintiff copies of Plaintiff's DC-17X reports from April 5, 2006 - June 21, 2006.The defendants may, but are not required to redact from thee reports the names of non-defendant corrections officers in the column listed as "Staff member Signature."


/s/ Martin C. Carlson
Martin C. Carlson
United States Magistrate Judge


Dated: September 19, 2011